# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**UNITED STATES OF AMERICA,**

**VS.**                                                    **CRIMINAL ACTION NO. 1:07CR176-P-D**

**STEPHEN FINCH and PETER BERNEGGER,**                      **DEFENDANTS.**

## RULINGS ON PROPOSED JURY INSTRUCTIONS

### Government's Proposed Instructions

G-1A - Defendant Bernegger's objection overruled; mirrors Fifth Circuit Pattern Jury Instruction - Criminal § 2.59; second paragraph modified to read: "For you to find **Defendant Peter Bernegger guilty of mail fraud alleged in Counts 2, 3, and/or 4**, you must be convinced that the government has proved each of the following beyond a reasonable doubt **as to each count**:" for clarity; that is, to make it clear to the jury that only Defendant Bernegger is charged with mail fraud in Counts 2, 3, and 4.

G-2A - Given; objection overruled; mirrors Fifth Circuit Pattern Instruction § 2.60; second paragraph modified to read: "For you to find **Defendant Stephen Finch** guilty of **wire fraud alleged in Count 1 of the Indictment**, you must be convinced that the government has proved each of the following beyond a reasonable doubt:" for clarity since Defendant Finch is the only one accused of violating 18 U.S.C. § 1343 in Count 1.

G-3 - Given; objection overruled; mirrors Fifth Circuit Pattern Instructions §§ 2.59, 2.60

G-4 - Given

G-5 - Given; objection overruled; mirrors Fifth Circuit Pattern Instruction § 1.37

G-6 - Given; objection overruled; mirrors Fifth Circuit Pattern Instruction § 1.30

G-7 - Refused; used D-F-3

G-8 - Given as modified to add last sentence contained in the Pattern Instruction; objection overruled; mirrors Fifth Circuit Pattern Instruction § 2.20

G-9A - Given; objection overruled; mirrors Fifth Circuit Pattern Instruction § 2.61; second paragraph modified to read: "For you to find **Defendant Peter Bernegger** guilty of this crime **as alleged in**

1

**Count 6**, you must be convinced that the government has proved each of the following beyond a reasonable doubt:" for clarity given that Defendant Bernegger is the only one charged with bank fraud.

## Defendant Stephen Finch's Proposed Instructions

D-F-1A - Given as modified; inserted "defendants" since this instruction applies to both defendants.

D-F-2 - Given; objection overruled; while the Fifth Circuit Court of Appeals has held that a good-faith instruction is not mandatory, it has stated that such an instruction is discretionary. *U.S. v. Hunt*, 794 F.2d 1095 (5th Cir. 1986); *U.S. v. Lewis*, 592 F.2d 1282, 1286 (5th Cir. 1979) (good faith is a complete defense to mail fraud); third sentence redacted for redundancy.

D-F-3 - Given

D-F-4 - Refused; contains argument

## Defendant Peter Bernegger's Proposed Instructions

D-PB-1 - Refused; covered by D-F-1A

D-PB-2 - Refused; peremptory

D-PB-3 - Refused; peremptory

D-PB-4 - Refused; peremptory

D-PB-5 - Refused; peremptory

D-PB-6 - Refused; peremptory

D-PB-7 - Refused; peremptory

D-PB-8 - Refused; covered by G-1A, paragraph 4; G-2, paragraph 4; G-9, paragraph 9; contains argument which is reserved for closing arguments and improper for the court to read to the jury

D-PB-9 - Refused; contains argument

D-PB-10 - Refused; covered by C-1.04; contains argument

D-PB-11 - Refused; covered by C-1.04; contains argument

D-PB-12 - Refused; covered by G-5; G-9, paragraph 9

2

D-PB-13 - Refused; covered by C-1.05

D-PB-14 - Refused; inapplicable

D-PB-15 - Given as modified to reflect that both defendants testified in this case; last sentence removed as argument

D-PB-16 - Refused; inapplicable

D-PB-17 - Refused; covered by G-1A

D-PB-18 - Refused; covered by G-1A; duplicative

D-PB-19 -Refused; covered by G-1A; duplicative

D-PB-20 - Refused; covered by G-2

D-PB-21 - Refused; covered by G-8

D-PB-22 - Refused; covered by G-9

D-PB-23 - Refused; covered by D-F-2

D-PB-24 - Refused; covered by G-1A, G-9; contains argument

D-PB-25 - Refused; covered by G-9; contains argument

D-PB-26 - Refused ;covered by G-9 and D-F-2; duplicative; contains argument

    **SO ORDERED** this the 10th day of November, A.D., 2009.

                      /s/ W. Allen Pepper, Jr.
                      UNITED STATED DISTRICT JUDGE

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### EASTERN DIVISION

UNITED STATES OF AMERICA,

VS.                                            CRIMINAL ACTION NO. 1:07CR176-P-D

STEPHEN FINCH and PETER BERNEGGER,                          DEFENDANTS.

### JURY INSTRUCTION C-1.03

Members of the Jury:

In any jury trial there are, in effect, two judges. I am one of those judges; the other is the jury. It is my duty to preside over the trial and to decide what evidence is proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give you some general instructions which apply in every case, for example, instructions about burden of proof and how to judge the believability of witnesses. Then I will give you some specific rules of law about this particular case, and finally I will explain to you the procedures you should follow in your deliberations.

Given

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**UNITED STATES OF AMERICA,**

**VS.**                                    **CRIMINAL ACTION NO. 1:07CR176-P-D**

**STEPHEN FINCH and PETER BERNEGGER,**                **DEFENDANTS.**

<u>**JURY INSTRUCTION C-1.04**</u>

You, as jurors, are the judges of the facts. But in determining what actually happened – that is, in reaching your decision as to the facts – it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have the right to expect nothing else.



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### EASTERN DIVISION

**UNITED STATES OF AMERICA,**

**VS.**                                            **CRIMINAL ACTION NO. 1:07CR176-P-D**

**STEPHEN FINCH and PETER BERNEGGER,**                      **DEFENDANTS.**

### JURY INSTRUCTION C-1.05

The indictment or formal charge against a defendant is not evidence of guilt. Indeed, a defendant is presumed by the law to be innocent. The law does not require a defendant to prove his innocence or produce evidence at all. The government has the burden of proving a defendant guilt beyond a reasonable doubt, and if it fails to do so, you must acquit a defendant.

While the government's burden of proof is a strict or heavy burden, it is not necessary that a defendant's guilt be proved beyond all possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning a defendant's guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case. Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### EASTERN DIVISION

**UNITED STATES OF AMERICA,**

**VS.**                                    **CRIMINAL ACTION NO. 1:07CR176-P-D**

**STEPHEN FINCH and PETER BERNEGGER,**                    **DEFENDANTS.**

### JURY INSTRUCTION C-1.06

As I told you earlier, it is your duty to determine the facts. In doing so, you must consider only the evidence presented during the trial, including the sworn testimony of the witnesses and the exhibits. Remember that any statements, objections, or arguments made by the lawyers are not evidence. The function of the lawyer is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

During the trial I sustained objections to certain questions and exhibits. You must disregard those questions and exhibits entirely. Do not speculate as to what the witness would have said if permitted to answer the question or as to the contents of an exhibit. Also, certain testimony or other evidence has been ordered stricken from the record and you have been instructed to disregard this evidence. Do not consider any testimony or other evidence which has been stricken in reaching your decision. Your verdict must be based solely on the legally



admissible evidence and testimony.

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case. Except for the instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own findings as to the facts.

G

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### EASTERN DIVISION

**UNITED STATES OF AMERICA,**

**VS.**                                    **CRIMINAL ACTION NO. 1:07CR176-P-D**

**STEPHEN FINCH and PETER BERNEGGER,**                    **DEFENDANTS.**

### JURY INSTRUCTION C-1.07

While you should consider only the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### EASTERN DIVISION

**UNITED STATES OF AMERICA,**

**VS.**                                                **CRIMINAL ACTION NO. 1:07CR176-P-D**

**STEPHEN FINCH and PETER BERNEGGER,**                      **DEFENDANTS.**

### JURY INSTRUCTION C-1.08

I remind you that it is your job to decide whether the government has proved the guilt of a defendant beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given the witness's testimony. An important part of your job will be making judgments about the testimony of witnesses. You should decide whether you believe all or any part of what each person had to say, and how important that testimony was. In making that decision I suggest that you ask yourself a few questions: Did the person impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? These are a few of the



considerations that will help you determine the accuracy of what each witness said.

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say. In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than on the other. Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point.



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### EASTERN DIVISION

**UNITED STATES OF AMERICA,**

**VS.**                                              **CRIMINAL ACTION NO. 1:07CR176-P-D**

**STEPHEN FINCH and PETER BERNEGGER,**                        **DEFENDANTS.**

### <u>JURY INSTRUCTION C-1.17</u>

During the trial you heard the testimony of Mr. Pat McElroy who expressed opinions regarding banking on behalf of Defendant Peter Bernegger. If scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified by knowledge, skill, experience, training, or education may testify and state an opinion concerning such matters.

Merely because such a witness has expressed an opinion does not mean, however, that you must accept this opinion. You should judge such testimony like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, and all other evidence in the case.



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### EASTERN DIVISION

**UNITED STATES OF AMERICA,**

**VS.**                                           **CRIMINAL ACTION NO. 1:07CR176-P-D**

**STEPHEN FINCH and PETER BERNEGGER,**                          **DEFENDANTS.**

## <u>JURY INSTRUCTION C-1.10</u>

The testimony of a witness may be discredited by showing that the witness testified falsely concerning a material matter, or by evidence that at some other time the witness said or did something, or failed to say or do something, which is inconsistent with the testimony the witness gave at this trial.

Earlier statements of a witness were not admitted in evidence to prove that the contents of those statements are true. You may consider the earlier statements only to determine whether you think they are consistent or inconsistent with the trial testimony of the witness and therefore whether they affect the credibility of that witness.

If you believe that a witness has been discredited in this manner, it is your exclusive right to give the testimony of that witness whatever weight you think it deserves.



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### EASTERN DIVISION

**UNITED STATES OF AMERICA,**

**VS.**                                     **CRIMINAL ACTION NO. 1:07CR176-P-D**

**STEPHEN FINCH and PETER BERNEGGER,**                 **DEFENDANTS.**

### <u>INSTRUCTION C-4</u>

Any notes that you have taken during this trial are only aids to your memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### EASTERN DIVISION

**UNITED STATES OF AMERICA,**

**VS.**                                        **CRIMINAL ACTION NO. 1:07CR176-P-D**

**STEPHEN FINCH and PETER BERNEGGER,**                    **DEFENDANTS.**

## JURY INSTRUCTION G-1A

Title 18, United States Code, Section 1341, makes it a crime for anyone to use the mails in carrying out a scheme to defraud.

For you to find Defendant Peter Bernegger guilty of mail fraud alleged in Counts 2, 3, and/or 4, you must be convinced that the government has proved each of the following beyond a reasonable doubt as to each count:

*First*:  That the defendant knowingly created a scheme to defraud, that is, from on on or about June 2003 to on or about August 2005, the defendant devised and intended to devise a scheme and artifice to defraud and obtain money and property by means of false and fraudulent pretenses, representations, and promises as set forth in the indictment;

*Second*: That the defendant acted with a specific intent to defraud;

*Third*: That the defendant mailed something or caused another person to mail something through the United States Postal Service or through a private or commercial interstate carrier for the purpose of carrying out the scheme; and

*Fourth*: That the scheme to defraud employed false material representations.



## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## EASTERN DIVISION

**UNITED STATES OF AMERICA,**

**VS.**                                      **CRIMINAL ACTION NO. 1:07CR176-P-D**

**STEPHEN FINCH and PETER BERNEGGER,**                    **DEFENDANTS.**

### JURY INSTRUCTION G-2A

Title 18, United States Code, section 1343, makes it a crime for anyone to use interstate wire communications facilities in carrying out a scheme to defraud.

For you to find Defendant Stephen Finch guilty of wire fraud alleged in Count 1 of the Indictment, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First:* That the defendant knowingly created a scheme to defraud, that is from on or about June 2003, to on or about August 2005, the defendant devised and intended to devise a scheme and artifice to defraud and obtain money and property by means of false and fraudulent pretenses, representations and promises through the use of wire communication in interstate commerce as set forth in the indictment;

*Second:* That the defendant acted with a specific intent to defraud;

*Third:* That the defendant caused another person to use interstate wire communications facilities for the purpose of carrying out the scheme; and

*Fourth:* That the scheme to defraud employed false material representations.

G

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### EASTERN DIVISION

UNITED STATES OF AMERICA,

VS.                                     CRIMINAL ACTION NO. 1:07CR176-P-D

STEPHEN FINCH and PETER BERNEGGER,                      DEFENDANTS.

## JURY INSTRUCTION G-3

A "scheme to defraud" includes any scheme to deprive another of money, property, or of the intangible right to honest services by means of false or fraudulent pretenses, representations, or promises.

An "intend to defraud" means an intent to deceive or cheat someone.

A representation is "false" if it is known to be untrue or is made with reckless indifference as to its truth or falsity. A representation would also be "false" when it constitutes a half truth, or effectively omits or conceals a material fact, provided it is made with intent to defraud.

A false statement is "material" if it has a natural tendency to influence, or is capable of influencing, the decision of the person or entity to which it is addressed.

It is not necessary that the government prove all of the details alleged in the indictment concerning the precise nature and purpose of the scheme, or that the material transmitted by wire or by mail was itself false or fraudulent, or that the alleged scheme actually succeeded in defrauding anyone, or that the use of interstate wire communications facilities or the use of the mail was intended as the specific or exclusive means of



accomplishing the alleged fraud.

What must be proved beyond a reasonable doubt is that the defendant knowingly devised or intended to devise a scheme to defraud that was substantially the same as the one alleged in the indictment, and that the use of the interstate wire communications facilities or the use of the mails was closely related to the scheme because the defendant either wired something or caused it to be wired in interstate commerce or mailed something or caused it to be mailed in an attempt to execute or carry out the scheme. To "cause" interstate wire communications to be used or to "cause" the mails to be used is to do an act with knowledge that the use of the wire facilities or the use of the mails will follow in the ordinary course of business or where such use can reasonably be foreseen, even if the defendant did not intend or request the mails to be used.

Each separate use of the interstate wire communications facilities or of the mails in furtherance of a scheme to defraud constitutes a separate offense.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### EASTERN DIVISION

**UNITED STATES OF AMERICA,**

**VS.**                                **CRIMINAL ACTION NO. 1:07CR176-P-D**

**STEPHEN FINCH and PETER BERNEGGER,**                **DEFENDANTS.**

### JURY INSTRUCTION G-9A

Title 18, United States code, Section 1344(2), makes it a crime for anyone to execute a scheme or artifice to obtain any money or other property of an insured financial institution by means of false or fraudulent pretenses, representations, or promises.

For you to find Defendant Peter Bernegger guilty of this crime as alleged in Count 6, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*:        That the defendant knowingly executed a scheme or plan to obtain money or property from BancorpSouth by means of false or fraudulent pretenses, representations, or promises;

*Second*:        That the defendant acted with a specific intent to defraud BancorpSouth;

*Third*:        That the false pretenses, representations, or promises that the defendant made were material;

*Fourth*:        That the defendant placed the financial institution at risk of civil liability or financial loss; and

*Fifth*:        That BancorpSouth was insured by the Federal Deposit Insurance



Corporation.

A "scheme or plan to defraud" means any plan, pattern, or course of action involving a false or fraudulent pretense, representation, or promise intended to deceive others in order to obtain something of value, such as money, from the institution to be deceived.

A defendant acts with the requisite "intent to defraud" if the defendant acted knowingly and with the specific intent to deceive, ordinarily for the purpose of causing some financial loss to another or bringing about some financial gain to the defendant.

A representation is "false" if it is known to be untrue or is made with reckless indifference as to its truth or falsity. A representation would also be "false" when it constitutes a half truth, or effectively omits or conceals a material fact, provided it is made with intent to defraud.

A false statement is "material" if it has a natural tendency to influence, or is capable of influencing, the institution to which it is addressed.

It is not necessary that the government prove all of the details alleged in the indictment concerning the precise nature of the alleged scheme, or that the alleged scheme actually succeeded in defrauding someone. What must be proven beyond a reasonable doubt is that the accused knowingly executed a scheme that was substantially similar to the scheme alleged in the indictment.



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### EASTERN DIVISION

**UNITED STATES OF AMERICA,**

**VS.**                               **CRIMINAL ACTION NO. 1:07CR176-P-D**

**STEPHEN FINCH and PETER BERNEGGER,**                **DEFENDANTS.**

### <u>JURY INSTRUCTION G-4</u>

You will note that the indictment charges that the offense was committed on or about a specified date. The government does not have to prove that the crime was committed on that exact date, so long as the government proves beyond a reasonable doubt that a defendant committed the crime on a date or dates reasonably near those dates stated in the indictment.



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### EASTERN DIVISION

UNITED STATES OF AMERICA,

VS.                                    CRIMINAL ACTION NO. 1:07CR176-P-D

STEPHEN FINCH and PETER BERNEGGER,                    DEFENDANTS.

### <u>JURY INSTRUCTION G-5</u>

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally, not because of mistake or accident.

You may find that a defendant had knowledge of a fact if you find that a defendant deliberately closed his eyes to what would otherwise have been obvious to him. While knowledge on the part of a defendant cannot be established merely by demonstrating that a defendant was negligent, careless or foolish, knowledge can be inferred if a defendant deliberately blinded himself to the existence of a fact.



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### EASTERN DIVISION

**UNITED STATES OF AMERICA,**

**VS.**                                   **CRIMINAL ACTION NO. 1:07CR176-P-D**

**STEPHEN FINCH and PETER BERNEGGER,**                **DEFENDANTS.**

### JURY INSTRUCTION G-6

You have heard evidence of acts of the defendant which may be similar to those charged in the indictment, but which were committed on other occasions. You must not consider any of this evidence in deciding if the defendant committed the acts charged in the indictment. However, you may consider this evidence for other, very limited, purposes.

If you find beyond a reasonable doubt from other evidence in this case that the defendant did commit the acts charged in the indictment, then you may consider evidence of the similar acts allegedly committed on other occasions to determine:

Whether the defendant had the state of mind or intent necessary to commit the crime charged in the indictment;

or

whether the defendant had a motive or the opportunity to commit the acts charged in the indictment;

or

whether the defendant acted according to a plan or in preparation for commission of



a crime;

or

whether the defendant committed the acts for which he is on trial by accident or mistake.

These are the limited purposes for which any evidence of the similar acts may be considered.



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### EASTERN DIVISION

**UNITED STATES OF AMERICA,**

**VS.**                                    **CRIMINAL ACTION NO. 1:07CR176-P-D**

**STEPHEN FINCH and PETER BERNEGGER,**                    **DEFENDANTS.**

### JURY INSTRUCTION G-8

Title 18, United States code, Section 371, makes it a crime for anyone to conspire with someone else to commit an offense against the laws of the United States.

The defendants are charged with conspiring to obtain money and property by means of false and fraudulent pretenses, representations and promises through the use of interstate wire communications or the mail.

A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose. It is a kind of "partnership in crime" in which each member becomes the agent of every other member.

For you to find either of the defendants guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*:        That the defendant and at least one other person made an agreement to commit the crime of wire fraud or mail fraud as charged in the indictment;

*Second*:        That the defendant knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose; and

*Third*:        That one of the conspirators during the existence of the conspiracy



knowingly committed at least one of the overt acts described in the indictment, in order to accomplish some object or purpose of the conspiracy.

One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators. If a defendant understands the unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to convict him/her for conspiracy even though the defendant had not participated before and even though the defendant played only a minor part.

The government need not prove that the alleged conspirators entered into any formal agreement, nor that they directly stated between themselves all the details of the scheme. Similarly, the government need not prove that all of the details of the scheme alleged in the indictment were actually agreed upon or carried out. Nor must it prove that all of the persons alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

Mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of a conspiracy, does not thereby become a conspirator.



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### EASTERN DIVISION

**UNITED STATES OF AMERICA,**

**VS.**                                 **CRIMINAL ACTION NO. 1:07CR176-P-D**

**STEPHEN FINCH and PETER BERNEGGER,**                    **DEFENDANTS.**

## JURY INSTRUCTION D-F-1A

You are here to decide whether the government has proved beyond a reasonable doubt that the defendants are guilty of the crimes charged. The defendants are not on trial for any act, conduct, or offense not alleged in the indictment. Neither are you concerned with the guilt of any person or persons not on trial as a defendant in this case, except as you are otherwise instructed.



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### EASTERN DIVISION

**UNITED STATES OF AMERICA,**

**VS.**                                    **CRIMINAL ACTION NO. 1:07CR176-P-D**

**STEPHEN FINCH and PETER BERNEGGER,**                **DEFENDANTS.**

### JURY INSTRUCTION D-F-2

Good faith is a complete defense to the charges of mail fraud, wire fraud, and bank fraud because good faith is inconsistent with an intent to defraud, which is an essential part of the charges. A person who acts on a belief honestly held is not punishable under these statutes merely because the belief or opinion turns out to be inaccurate, incorrect, or wrong. The term "good faith" has no precise definition. However, "good faith" means among other things, a belief or opinion honestly held, an absence of malice or ill will, and an intention to avoid taking unfair advantage of another. Evidence of good faith can create a reasonable doubt that the defendant violated the mail fraud, wire fraud, or bank fraud statutes.

It is important to bear in mind that a defendant has no burden to prove good faith. It is the government's burden to prove to you, beyond a reasonable doubt, that a defendant acted with intent to defraud and the intent to obtain money by means of false and fraudulent pretenses, representations, or promises. However, you may consider any evidence that a defendant was acting in good faith; and you may decide, in light of that evidence, that the government has not proved that a defendant acted with the intent to defraud and with intent to obtain money by false pretenses and fraudulent representations. In that case, you must acquit a defendant of violations of mail fraud, wire fraud, and/or bank fraud .

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### EASTERN DIVISION

UNITED STATES OF AMERICA,

VS.                                     CRIMINAL ACTION NO. 1:07CR176-P-D

STEPHEN FINCH and PETER BERNEGGER,                      DEFENDANTS.

## JURY INSTRUCTION D-F-3

A separate crime is charged against one or more of the defendants in each count of the indictment. Each count, and the evidence pertaining to it, should be considered separately. The case of each defendant should be considered separately and individually. The fact that you may find one or more of the accused guilty or not guilty of any of the crimes charged should not control your verdict as to any other crime or any other defendant. You must give separate consideration to the evidence as to each defendant.



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### EASTERN DIVISION

**UNITED STATES OF AMERICA,**

**VS.**                                    **CRIMINAL ACTION NO. 1:07CR176-P-D**

**STEPHEN FINCH and PETER BERNEGGER,**                     **DEFENDANTS.**

### <u>JURY INSTRUCTION D-PB-15</u>

In a criminal case, a defendant cannot be required to testify, but, if he chooses to testify, he is permitted to take the witness stand on his own behalf. In this case, Defendant Peter Bernegger and Defendant Stephen Finch decided to testify. You should examine and evaluate their testimony just as you would the testimony of any witness with an interest in the outcome of this case. You should not disregard or disbelieve their testimony simply because he is charged as a defendant in this case.



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### EASTERN DIVISION

**UNITED STATES OF AMERICA,**

**VS.**                                        **CRIMINAL ACTION NO. 1:07CR176-P-D**

**STEPHEN FINCH and PETER BERNEGGER,**                    **DEFENDANTS.**

### JURY INSTRUCTION C-1.24

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on each count of the indictment. Your deliberations will be secret. You will never have to explain your verdict to anyone.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced you were wrong. But do not give up your honest beliefs as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges – judges of the facts. Your duty is to decide whether the government has proved the defendant guilty beyond a reasonable doubt.

When you go to the jury room, the first thing that you should do is select one of your number as your foreperson, who will help to guide your deliberations and will speak for you here in the courtroom.

A form of verdict has been prepared for your convenience.

The foreperson will write the unanimous answer of the jury in the space provided for each count of the indictment, either guilty or not guilty. At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the marshal. I will either reply in writing or bring back into the court to answer your message.

Bear in mind that you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise, on any count of the indictment, until after you have reached a unanimous verdict.

G

R

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**

**UNITED STATES OF AMERICA**

**5.**                                                            **CASE NO. 1:07CR00176**

**PETER BERNEGGER**                                              **DEFENDANT**

### INSTRUCTION D(PB) - 1

You, the jury, are to decide whether the Government has proven beyond a reasonable doubt that the Defendant, Peter Bernegger, is guilty of the crimes charged.

The Defendant is not on trial for any act, conduct or offense not alleged in the Indictment. Therefore, you are only concerned with whether the Government has proven beyond a reasonable doubt the guilt of the Defendant, Peter Bernegger, on all counts of Indictment brought by the Government.

— REFUSED; COVERED BY D-F-1A

R

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI

**UNITED STATES OF AMERICA**

**5.**                                                                    **CASE NO. 1:07CR00176**

**PETER BERNEGGER**                                                       **DEFENDANT**

## INSTRUCTION D(PB) - 2

The Court instructs the jury to find the Defendant, Peter Bernegger, not guilty of Count 1.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI

**UNITED STATES OF AMERICA**

**5.**                                                    **CASE NO. 1:07CR00176**

**PETER BERNEGGER**                                        **DEFENDANT**

## INSTRUCTION D(PB) - 3

The Court instructs the jury to find the Defendant, Peter Bernegger, not guilty of Count 2.



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI

**UNITED STATES OF AMERICA**

**5.**                                                  **CASE NO. 1:07CR00176**

**PETER BERNEGGER**                                                  **DEFENDANT**

## INSTRUCTION D(PB) - 4

The Court instructs the jury to find the Defendant, Peter Bernegger, not guilty of Count 3.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI

**UNITED STATES OF AMERICA**

**5.**                                                    **CASE NO. 1:07CR00176**

**PETER BERNEGGER**                                       **DEFENDANT**

### INSTRUCTION D(PB) - 5

The Court instructs the jury to find the Defendant, Peter Bernegger, not guilty of Count 4.

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI**

**UNITED STATES OF AMERICA**

**5.**
                                              **CASE NO. 1:07CR00176**

**PETER BERNEGGER**
                                              **DEFENDANT**

**INSTRUCTION D(PB) - 6**

The Court instructs the jury to find the Defendant, Peter Bernegger, not guilty of Count 5.



# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI

**UNITED STATES OF AMERICA**

**5.**                                        **CASE NO. 1:07CR00176**

**PETER BERNEGGER**                                        **DEFENDANT**

### INSTRUCTION D(PB) - 7

The Court instructs the jury to find the Defendant, Peter Bernegger, not guilty of Count 6.



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI

**UNITED STATES OF AMERICA**

**5.**                                                          **CASE NO. 1:07CR00176**

**PETER BERNEGGER**                                                          **DEFENDANT**

### INSTRUCTION D(PB) - 8

The crimes charged in this case are serious crimes which require proof of specific intent before the Defendant, Peter Bernegger, can be convicted. Specific intent, as the term implies, means more than the general intent to commit the act. To establish specific intent, the Government must prove that the Defendant, Peter Bernegger, knowingly did an act which the law forbids, purposely intending to violate the law. Such intent may be determined from all the facts and circumstances surrounding the case.

Federal Jury Practice and Instructions, former §14.03

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI

**UNITED STATES OF AMERICA**

**5.**                                                    **CASE NO. 1:07CR00176**

**PETER BERNEGGER**                                          **DEFENDANT**

### INSTRUCTION D(PB) - 9

You are to perform the duty of finding the facts without bias or prejudice as to any party.  You are to perform your final duty in an attitude of complete fairness and impartiality.

The case is important to the Government, for the enforcement of criminal laws as a matter of prime concern to the community.  Equally, it is important to the Defendant, Peter Bernegger, who is charged with a serious crime.

The fact that the prosecution is brought in the name of the United States of America entitles the Government to no greater consideration than that accorded to any other party to litigation.  By the same token, it is entitled to no less consideration.  All parties, whether government or individuals, stand as equals before the bar of justice.

– REFUSED; CONTAINS ARGUMENT

*U.S. v. Linton*, No. Cr-R-80-24 ECR, Instr. No. 114 (D. Nev. 1980)

*U.S. v. Eisenberg*, 76 Cr.5 (E.D. Wis. 1976)

*U.S. v. Robinson*, 78 Cr. 106 (E.D. Wis. 1979)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI

**UNITED STATES OF AMERICA**

**5.**                                                    **CASE NO. 1:07CR00176**

**PETER BERNEGGER**                                      **DEFENDANT**

### INSTRUCTION D(PB) - 10

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence.

It would be improper for you to consider, in reaching your decision as to whether the government sustained its burden of proof, any personal feelings you may have about the Defendant, Peter Bernegger's race, religion, national origin, sex or age. All persons are entitled to the presumption of innocence and the government has the same burden of proof, as I will discuss in a moment.

It would be equally improper for you to allow any feelings you might have about the nature of the crime charged to interfere with your decision-making process.

To repeat, your verdict must be based exclusively upon the evidence or the lack of evidence in the case.

*Irvin v. Dowd*, 366 U.S. 717, 81 S. Ct. 1639, 6 L.Ed. 2d 751 (1961)

*U.S. v. Bell*, 506 F.2d 207 (D.C. Cir. 1974)

*Carter v. U.S.*, 427 F.2d 619 (D.C. cir. 1970)

*U.S. v. Adams*, 385 F.2d 548 (2d Cir. 1967)

*U.S. v. Pinto*, 486 F.Supp. 578 (E.D. Pa. 1980)

*U.S. v. Titsworth*, 422 F.Supp. 587 (D.Neb. 1976)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI

**UNITED STATES OF AMERICA**

**5.**                                                    **CASE NO. 1:07CR00176**

**PETER BERNEGGER**                                          **DEFENDANT**

### INSTRUCTION D(PB) - 11

Under your oath as jurors you are not to be swayed by sympathy. You are to be guided solely by the evidence in this case, and the crucial, hard-core question that you must ask yourselves as you sift through the evidence is: Has the government proven the guilt of the Defendant, Peter Bernegger, beyond a reasonable doubt?

It is for you alone to decide whether the government has proven that the Defendant, Peter Bernegger, is guilty of the crimes charged solely on the basis of the evidence and subject to the law as I charge you. It must be clear to you that once you let fear or prejudice, or bias or sympathy interfere with your thinking there is a risk that you will not arrive at a true and just verdict.

If you have a reasonable doubt as to a Defendant, Peter Bernegger's guilt, you should not hesitate for any reason to find a verdict of acquittal. But on the other hand, if you should find that the government has met its burden of proving a Defendant, Peter Bernegger's guilt beyond a reasonable doubt, you should not hesitate because of sympathy or any other reason to render a verdict of guilty.

482 F.2d 807 (2d Cir.), cert. denied, 414 U.S. 1070 (1973)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI

**UNITED STATES OF AMERICA**

**5.**                                            **CASE NO. 1:07CR00176**

**PETER BERNEGGER**                                        **DEFENDANT**

### INSTRUCTION D(PB) - 12

You have been instructed that in order to sustain its burden of proof, the government must prove that the Defendant, Peter Bernegger, acted knowingly. A person acts knowingly if he acts intentionally and voluntarily, and not because of ignorance, mistake, accident, or carelessness.

Whether the Defendant, Peter Bernegger, acted knowingly may be proven by the Defendant, Peter Bernegger's conduct and by all of the facts and circumstances surrounding the case.

*U.S. v. Gammage*, 790 F.2d 431 (5th Cir. 1986)

*U.S. v. Lawson*, 780 F.2d 535 (6th Cir. 1985)

*U.S. v. Ramsey*, 785 F.2d 184 (7th Cir.), cert. denied 469 U.S. 1218 (1985)

*U.S. v. Jewell*, 532 F.2d 697 (9th Cir.), cert. denied 426 U.S. 951 (1976)

*U.S. v. Arbizo*, 833 F.2d 244 (10th Cir. 1987)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI

**UNITED STATES OF AMERICA**

**5.**

**CASE NO. 1:07CR00176**

**PETER BERNEGGER**

**DEFENDANT**

### INSTRUCTION D(PB) - 13

I have said that the government must prove the Defendant, Peter Bernegger, guilty beyond a reasonable doubt. The question naturally is what is a reasonable doubt? The words almost define themselves. It is a doubt based upon reason and common sense. It is a doubt that a reasonable person has after carefully weighing all of the evidence. It is a doubt which would cause a reasonable person to hesitate to act in a matter of importance in his or her personal life. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his own affairs. A reasonable doubt is not a caprice or whim; it is not a speculation or suspicion. It is not an excuse to avoid the performance of an unpleasant duty. And it is not sympathy.

In a criminal case, the burden is at all times upon the Government to prove guilt beyond a reasonable doubt. The law does not require that the Government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict. This burden never shifts to the Defendant, Peter Bernegger, which means that it is always the Government's burden to prove each of the elements of the crimes charged beyond a reasonable doubt.

If, after fair and impartial consideration of all of the evidence you have a reasonable doubt, it is your duty to acquit the Defendant, Peter Bernegger.

*U.S. v. Morris*, 647 F.2d 568 (5th Cir. 1981)

R

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI

**UNITED STATES OF AMERICA**

**5.**                                                    **CASE NO. 1:07CR00176**

**PETER BERNEGGER**                                       **DEFENDANT**

### INSTRUCTION D(PB) - 14

The Defendant, Peter Bernegger, did not testify in this case. Under our constitution, he has no obligation to testify or to present any other evidence because it is the prosecution's burden to prove the Defendant, Peter Bernegger, guilty beyond a reasonable doubt on all Counts of the Indictment. That burden remains with the prosecution throughout the entire trial and never shifts to the Defendant, Peter Bernegger. The Defendant, Peter Bernegger, is never required to prove that he is innocent.

You may not attach any significance to the fact that the Defendant, Peter Bernegger, did not testify. No adverse inference against him may be drawn by you because he did not take the witness stand. You may not consider this against the Defendant, Peter Bernegger, in any way in your deliberations in the jury room.

*Griffin v. California*, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed. 2d 106 (1965)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI

**UNITED STATES OF AMERICA**

**5.**                                                    **CASE NO. 1:07CR00176**

**PETER BERNEGGER**                                       **DEFENDANT**

### INSTRUCTION D(PB) - 15

In a criminal case, the Defendant, Peter Bernegger, cannot be required to testify, but, if he chooses to testify, he is, of course, permitted to take the witness stand on his own behalf. In this case, the Defendant, Peter Bernegger, decided to testify. You should examine and evaluate his testimony just as you would the testimony of any witness with an interest in the outcome of this case. You should not disregard or disbelieve his testimony simply because he is charged as a defendant in this case.

*U.S. v. Wiggins*, 566 F.2d 944 (5th Cir. 1978)

*Nelson v. U.S.*, 415 F.2d 483 (5th Cir. 1966)



**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**

**UNITED STATES OF AMERICA**

**5.**                               **CASE NO. 1:07CR00176**

**PETER BERNEGGER**                           **DEFENDANT**

**INSTRUCTION D(PB) - 16**

You have heard the testimony of a law enforcement official and/or an FBI agent. The fact that a witness may be employed by the federal government as a law enforcement official does not mean that his testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his testimony may be colored by a personal or professional interest in the outcome of the case, or his memory of events or statements may be flawed.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

*Bush v. U.S.*, 375 F.2d 602 (D.C. Cir. 1967)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**

**UNITED STATES OF AMERICA**

**v.**                                                                  **CASE NO. 1:07CR00176**

**PETER BERNEGGER**                                                **DEFENDANT**

### INSTRUCTION D(PB) - 17

The Defendant, Peter Bernegger, in Count Two is charged with mail fraud in violation of Section 1341, Title 18, United States Code.

In order for the Defendant, Peter Bernegger, to be found guilty of this charge the Government must prove each and every element of the offense beyond a reasonable doubt:

*First:*  That the Defendant, Peter Bernegger, devised and intended to devise a scheme and artifice to defraud and obtain money and property by means of false and fraudulent pretenses, representations and promises as set forth in the Indictment;

*Second:*  That the Defendant, Peter Bernegger, acted with a specific intent to defraud;

*Third:*  That the Defendant, Peter Bernegger, mailed or caused another person to mail through the United States Postal Service or through a private or commercial interstate carrier information for the purpose of carrying out the scheme; and

*Fourth:*  That the scheme to defraud employed information which contained false material representations.

Even though you may find that the Defendant, Peter Bernegger, delivered and/or mailed information on or about the dates alleged in the Indictment, and that such

information was transported by the United States mail or through a private/commercial interstate carrier you may still not convict him of a violation of Section 1341, Title 18, United States Code, unless you also find beyond a reasonable doubt each and every element of the offense, in that the Defendant, Peter Bernegger, knowingly devised or intended to devise a scheme to defraud or obtain money through false material representations.

      The Court instructs you that the word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally, not because of a mistake or an accident.

Fifth Circuit Pattern Jury Instructions §2.59.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI

**UNITED STATES OF AMERICA**

**v.**                                                          **CASE NO. 1:07CR00176**

**PETER BERNEGGER**                                            **DEFENDANT**

### INSTRUCTION D(PB) - 18

The Defendant, Peter Bernegger, in Count Three is charged with mail fraud in violation of Section 1341, Title 18, United States Code.

In order for the Defendant, Peter Bernegger, to be found guilty of this charge the Government must prove each and every element of the offense beyond a reasonable doubt:

*First:*  That the Defendant, Peter Bernegger, devised and intended to devise a scheme and artifice to defraud and obtain money and property by means of false and fraudulent pretenses, representations and promises as set forth in the Indictment;

*Second:*  That the Defendant, Peter Bernegger, acted with a specific intent to defraud;

*Third:*  That the Defendant, Peter Bernegger, mailed or caused another person to mail through the United States Postal Service or through a private or commercial interstate carrier information for the purpose of carrying out the scheme; and

*Fourth:*  That the scheme to defraud employed information which contained false material representations.

Even though you may find that the Defendant, Peter Bernegger, delivered and/or mailed information on or about the dates alleged in the Indictment, and that such

information was transported by the United States mail or through a private/commercial interstate carrier you may still not convict him of a violation of Section 1341, Title 18, United States Code, unless you also find beyond a reasonable doubt each and every element of the offense, in that the Defendant, Peter Bernegger, knowingly devised or intended to devise a scheme to defraud or obtain money through false material representations.

The Court instructs you that the word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally, not because of a mistake or an accident.

Fifth Circuit Pattern Jury Instructions §2.59.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**

**UNITED STATES OF AMERICA**

**v.**                                                    **CASE NO. 1:07CR00176**

**PETER BERNEGGER**                                       **DEFENDANT**

**INSTRUCTION D(PB) - 19**

The Defendant, Peter Bernegger, in Count Four is charged with mail fraud in violation of Section 1341, Title 18, United States Code.

In order for the Defendant, Peter Bernegger, to be found guilty of this charge the Government must prove each and every element of the offense beyond a reasonable doubt:

*First:* That the Defendant, Peter Bernegger, devised and intended to devise a scheme and artifice to defraud and obtain money and property by means of false and fraudulent pretenses, representations and promises as set forth in the Indictment;

*Second:* That the Defendant, Peter Bernegger, acted with a specific intent to defraud;

*Third:* That the Defendant, Peter Bernegger, mailed or caused another person to mail through the United States Postal Service or through a private or commercial interstate carrier information for the purpose of carrying out the scheme; and

*Fourth:* That the scheme to defraud employed information which contained false material representations.

Even though you may find that the Defendant, Peter Bernegger, delivered and/or mailed information on or about the dates alleged in the Indictment, and that such

information was transported by the United States mail or through a private/commercial interstate carrier you may still not convict him of a violation of Section 1341, Title 18, United States Code, unless you also find beyond a reasonable doubt each and every element of the offense, in that the Defendant, Peter Bernegger, knowingly devised or intended to devise a scheme to defraud or obtain money through false material representations.

The Court instructs you that the word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally, not because of a mistake or an accident.

Fifth Circuit Pattern Jury Instructions §2.59.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**

**UNITED STATES OF AMERICA**

**v.**                                                    **CASE NO. 1:07CR00176**

**PETER BERNEGGER**                                       **DEFENDANT**

**INSTRUCTION D(PB) - 20**

The Defendant, Peter Bernegger, in Count One is charged with wire fraud in
violation of Section 1343, Title 18, United States Code.

In order for the Defendant, Peter Bernegger, to be found guilty of this charge the
Government must prove each and every element of the offense beyond a reasonable
doubt:

*First:*  That the Defendant, Peter Bernegger, devised and intended to devise a
scheme and artifice to defraud and obtain money and property by means of false and
fraudulent pretenses, representations and promises as set forth in the Indictment;

*Second:*  That the Defendant, Peter Bernegger, acted with a specific intent to
defraud;

*Third:* That the Defendant, Peter Bernegger, caused another person to use
interstate wire communications facilities for the purpose of carrying out the scheme;
and

*Fourth:*  That the scheme to defraud employed information which contained
false material representations.

Even though you may find that the Defendant, Peter Bernegger, caused another
person to deliver information by wire communications facilities on or about the dates

alleged in the Indictment, and that such information was transported in interstate commerce you may still not convict him of a violation of Section 1343, Title 18, United States Code, unless you also find beyond a reasonable doubt each and every element of the offense, in that the Defendant, Peter Bernegger, caused another person to use interstate wire communications facilities for the purpose of knowingly devising a scheme to defraud or obtain money through false material representations.

The Court instructs you that the word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally, not because of a mistake or an accident.

Fifth Circuit Pattern Jury Instruction §2.60.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

v.                                                  CASE NO. 1:07CR00176

PETER BERNEGGER                                          DEFENDANT

### INSTRUCTION D(PB) - 21

The Defendant, Peter Bernegger, in Count Five is charged with conspiring with another person to commit an offense against the laws of the United States in violation of Section 371, Title 18, United States Code.

In order for the Defendant, Peter Bernegger, to be found guilty of this charge the Government must prove each and every element of the offense beyond a reasonable doubt:

*First:* That the Defendant, Peter Bernegger, and Stephen Finch made an agreement to commit the crime of wire fraud or mail fraud as charged in the Indictment.

*Second:* That the Defendant, Peter Bernegger, knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose;

*Third:* That the Defendant, Peter Bernegger, and Stephen Finch, during the existence of the alleged conspiracy knowingly committed during the time set forth in the Indictment at least one of the overt acts specifically described in the Indictment in order to accomplish some object or purpose of the alleged conspiracy.

The Court instructs you that a "conspiracy" is an agreement between two or more persons to join together to accomplish an unlawful purpose. It is a kind of

"partnership in crime" in which each member becomes the agent of every other member.

The Court further instructs you that a defendant must understand the unlawful nature of a scheme and must knowingly and intentionally join in that scheme. The Government need not prove that a conspirator entered into a formal agreement or prove all details of the scheme; however, a conspirator's presence at the scene of an event or even his knowledge that a crime is being committed does not necessarily establish the existence of a conspiracy.

Accordingly, the Court instructs you that the Government must prove beyond a reasonable doubt each and every element of this offense before you may find the Defendant, Peter Bernegger, guilty.

Fifth Circuit Pattern Jury Instructions §2.20.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**

**UNITED STATES OF AMERICA**

**v.**                                                          **CASE NO. 1:07CR00176**

**PETER BERNEGGER**                                            **DEFENDANT**

**INSTRUCTION D(PB) - 22**

The Defendant, Peter Bernegger, in Count Six is charged with executing or attempting to execute a scheme to defraud a financial institution, Bancorp South, to obtain money by means of false or fradulent representations or promises in violation of Section 1344(2), Title 18, United States Code.

In order for the Defendant, Peter Bernegger, to be found guilty of this charge the Government must prove each and every element of the offense beyond a reasonable doubt:

*First:* That the Defendant, Peter Bernegger, knowingly executed or attempted to execute a scheme or plan to obtain money or property from Bancorp South by means of false or fraudulent pretenses, representations, or promises;

*Second:* That the Defendant, Peter Bernegger, acted with a specific intent to defraud Bancorp South;

*Third:* That the false pretenses, representations, or promises that the Defendant, Peter Bernegger, made were material;

*Fourth:* That the Defendant, Peter Bernegger, placed the financial institution at risk of civil liability or financial loss;

*Fifth:* That Bancorp South at the time as alleged in the Indictment was insured

by the Federal Deposit Insurance Corporation.

That the Court instructs the jury that in considering this charge against the Defendant, Peter Bernegger, you must consider the following:

A "scheme or plan to defraud" means any plan, pattern, or course of action involving a false or fraudulent pretense, representation, or promise intended to deceive others in order to obtain something of value, such as money, from the institution to be deceived.

"Intent to defraud" means that a person acted with the specific intent to deceive a financial institution of some financial loss or to bring about some financial gain to the Defendant.

A representation is "false" if it is known to be untrue or is made with reckless indifference as to its truth or falsity. A representation would also be "false" when it constitutes a half truth, or effectively omits or conceals a material fact, provided it is made with intent to defraud.

A false statement is "material" if it has a natural tendency to influence or is capable of influencing action by the institution to which it is addressed.

Fifth Circuit Pattern Jury Instructions §2.61.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI

**UNITED STATES OF AMERICA**

**5.**                                                    **CASE NO. 1:07CR00176**

**PETER BERNEGGER**                                              **DEFENDANT**

### INSTRUCTION D(PB) - 23

The Court instructs the jury that the Government has the burden of proving beyond a reasonable doubt that the Defendant, Peter Bernegger, committed the crimes as charged and alleged in the Indictment.

As such, the Court instructs you that "good faith" is a complete defense to the charge of mail fraud, wire fraud and bank fraud.

Therefore, if the evidence as to any of the Six Counts in this case leaves you with a reasonable doubt as to whether the Defendant, Peter Bernegger, made the representations complained of in good faith, then you must acquit the Defendant, Peter Bernegger, of the charges in any such Count.

The Court instructs you that the words "good faith" mean honesty of intention and freedom from knowledge of circumstances which ought to put a defendant upon inquiry.

Further, even if you find the Defendant's, Peter Bernegger's, actions were somewhat suspicious, if those actions are equally consistent with innocent activity as with criminal activity, then you must find the Defendant, Peter Bernegger, not guilty.

*U.S. v. Fowler*, 735 F.2d 823 (reversed; discretion of court to grant good faith instruction)

*Black's Law Dictionary,* 4th Ed.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**

**UNITED STATES OF AMERICA**

**V.**                                                                    **CASE NO. 1:07CR00176**

**PETER BERNEGGER**                                                      **DEFENDANT**

## INSTRUCTION D(PB) - 24

The Court instructs the jury that in Counts Four and Five of the Indictment the
Government has charged the Defendant, Peter Bernegger, with mail fraud in violation
of 18 U.S.C., §1341 and conspiracy to commit wire and/or mail fraud in violation of 18
U.S.C., §371.

In so charging the Defendant Bernegger, the Government contends that
Bernegger through the use of the mail and/or by wire transmission delivered a letter to
investors dated January 28, 2005, falsely claiming that a "letter of intent" existed
between We-Gel and a Texas fish processor named GAF.

In considering the evidence entered introduced at trial as to whether a "letter of
intent" existed between We-Gel and GAF, you may utilize the following definition in
making your determination.

A "letter of intent" is a written statement detailing the preliminary understanding
of parties who plan to enter into a contract or some other agreement; a non-committal
writing preliminary to a contract. A "letter of intent" is not meant to be binding and does
not hinder the parties from bargaining with a third party. Business people typically
mean not to be bound by a "letter of intent," and courts ordinarily do not enforce one;
but courts occasionally find that a commitment has been made.

If after a consideration of all the credible evidence in this case pertaining to Count Five and/or Count Six, you have a reasonable doubt as to whether there was a "letter of intent" as defined above or a reasonable doubt as to whether the Defendant Bernegger reasonably believed that such a "letter of intent" as defined above did exist, then you may not find that the Defendant Bernegger made an intentional misrepresentation that such "letter of intent" did exist.

Accordingly, if you have such a reasonable doubt as to Count Five or as to Count Six, then you must return a verdict of "not guilty" on any such count.

*Black's Law Dictionary,* 7th Ed., 1999.

*Jeffery Hart Group v. International Motion Control*, 2002 WL 34350532 (WDNY)

*Rodriguez v. Rullan,* 2008 WL 5099953 (Bkrtcy. D. Puerto Rico)

ʀ

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI

**UNITED STATES OF AMERICA**

**V.**                                     **CASE NO. 1:07CR00176**

**PETER BERNEGGER**                        **DEFENDANT**

### INSTRUCTION D(PB) - 75

The Court instructs the jury that the Defendant, Peter Bernegger, has been charged in Count Six of the Indictment with violation of 18 U.S.C., §1344; bank fraud.

In charging the Defendant Bernegger, the Government contents that Bernegger through the use of a letter dated January 18, 2005, falsely represented that certain equipment was owned by We-Gel "free and clear" of all liens in order to obtain a loan from BanCorpSouth.

The Court instructs the jury that the letter of January 18, 2005, did not use the language "free and clear" but stated that "...the equipment is paid for in full."

You must therefore determine whether the Defendant Bernegger in using the term "paid for in full" actually intended to convey the idea to BanCorpSouth that in fact there were no liens on the subject equipment.

If after considering all the credible evidence in this case you have a reasonable doubt as to whether or not the Defendant Bernegger in using the term "paid for in full" intended to convey that the purchase price for the equipment had been paid in full and did not intend to convey the idea that there were no loans on the equipment, then you may not find that the Defendant Bernegger intended to defraud BanCorpSouth. In such event, you must return a verdict of "not guilty" to Count Six.

*Black's Law Dictionary,* 4th Ed.

*R*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI

**UNITED STATES OF AMERICA**

**V.**                                                    **CASE NO. 1:07CR00176**

**PETER BERNEGGER**                                          **DEFENDANT**

### INSTRUCTION D(PB) - 26

The Court instructs the jury that the Defendant, Peter Bernegger, has been charged in Count Six of the Indictment with a violation of 18 U.S.C., §1344; bank fraud.

In charging the Defendant Bernegger the Government contends that the Defendant intentionally defrauded BanCorpSouth by pledging property owned in Wisconsin as collateral and thus affecting BanCorpSouth's security interest in the Wisconsin property.

If you find that the Defendant's representations to BanCorpSouth were not intentional, but were negligent representations, that is, representations which were not intended as knowing intentional material misrepresentations, then you may find the Defendant, Peter Bernegger, not guilty of Count Six of the Indictment.