IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

UNITED STATES OF AMERICA,

VS.                                              CRIMINAL ACTION NO. 1:07CR176-P-D

PETER BERNEGGER,                                                      DEFENDANT.

**ORDER**

This matter comes before the court upon the defendant's *pro se* "Written Objection - No. 26 Request for Order" filed on December 16, 2009. After due consideration of the motion, the court finds as follows, to-wit:

A jury found the defendant guilty on three out of five counts of the Superceding Indictment on November 12, 2009. On that date, the court denied the defendant's motion for bond until sentencing and ordered that the defendant be detained after concluding that the defendant posed a flight risk and a potential danger to the community. The defendant has not yet been sentenced and is currently detained in Bolivar County Correction Facility in Cleveland, Mississippi.

In his "Written Objection - No. 26 Request for Order," filed about a month after he was detained, the defendant argues that he has been denied access to legal books and the library. He requests this court to order the facility to grant him access the law library on a regular basis.

In *Bounds v. Smith*, the Supreme Court held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisons with adequate law libraries **or** adequate assistance from persons trained in the law." 430 U.S. 817, 828 (1977)(emphasis added). However, in commenting on the decision in *Bounds* the Fifth Circuit Court of Appeals ruled that: "Access to

1

courts can be secured ... by means other than the furnishing of a law library containing the suggested volumes. A complete library, as described in *Bounds,* **or** assistance by paralegals or some lesser amount of each in combination might be used. Indeed, access to paralegals and writ writers may bear a rough inverse relationship to the library materials required." *Morrow v. Harwell*, 768 F.2d 619, 623 (5th Cir. 1985) (emphasis added).

The defendant is currently represented by counsel. Accordingly, he already has access to "adequate assistance from persons trained in the law" pursuant to *Bounds* and has meaningful access to the courts.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the defendant's *pro se* "Written Objection - No. 26 Request for Order" filed on December 16, 2009 is **OVERRULED**.

**SO ORDERED** this the 30th day of December, A.D., 2009.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE