# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### EASTERN DIVISION

**UNITED STATES OF AMERICA**

**V.**                                      **NO. 1:07CR176-WAP**

**PETER BERNEGGER**

## <u>ORDER</u>

Presently before the court are Defendant's various motions *pro se* . On November 12, 2009, Defendant was convicted of three counts of fraudulent activity. He has not yet been sentenced for his crimes. Defendant promptly filed several post trial motions followed by a timely notice of appeal which is presently pending. More recently, Defendant has filed a motion to proceed *in forma pauperis* along with a motion to vacate his conviction pursuant to 28 U.S.C. § 2255. The Defendant has previously been granted permission to proceed as a pauper and has received the benefit of such status when, on several occasions, he was appointed counsel. Therefore, Defendant's motion to proceed *in forma pauperis* (docket entry 168 ) is MOOT.

Referring to his inability to pay the costs, Defendant has also filed two requests for copies of the trial transcripts. Defendant's motions for copies (docket entries 171 and 172) are GRANTED. The clerk of the court is directed to provide defense counsel with two (2) copies of the trial transcripts without cost.

Finally, as for Defendant's motion to vacate his conviction pursuant to 28 U.S.C. § 2255, the court must initially consider whether it has subject matter jurisdiction over defendant's section 2255 motion. "[A] criminal defendant may not collaterally attack his conviction until it has been affirmed on direct appeal." *Fassler v. United States*, 858 F.2d 1016, 1019 (5th Cir. 1988), cert. denied, 490 U.S. 1099, 109 S. Ct. 2450, 104 L. Ed. 2d 1004 (1989) (citing *Jones v. United States*, 453 F.2d 351,

352 (5th Cir. 1972)). As is the case here, when a defendant seeks section 2255 relief while a direct appeal is pending, the motion is not ripe for consideration and must be dismissed for lack of jurisdiction. *See Risby v. Wendt*, No. 3-04-CV-0291-R, 2004 WL 828067 at *5 (N.D. Tex. Apr. 15, 2004), rec. adopted, 2004 WL 937013 (N.D. Tex. Apr. 29, 2004) (construing application for writ of habeas corpus as a section 2255 motion and dismissing case for lack of jurisdiction because underlying criminal conviction was on appeal); *United States v. Norwood*, No. 7-06-CV-187-R, 2006 WL 3350207 at *1 (N.D. Tex. Nov. 15, 2006) (dismissing section 2255 motion as "premature" where direct appeal was pending). The court has no jurisdiction over Defendant's motion so long as the direct appeal is pending. Thus, Defendant's motion to vacate (docket entry 169) is DISMISSED without prejudice to his right to resubmit it upon resolution of the direct appeal.

**SO ORDERED,** this the 7th day of January, 2010.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE