**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**UNITED STATES OF AMERICA**

**V.**                                                                                                         **NO. 1:07CR176-WAP**

**PETER BERNEGGER**

### ORDER

The court recently granted a request for a copy of the trial transcripts. In contradiction of the previous admonishment, the Defendant has now filed yet another motion *pro se* asking for a copy of the trial transcripts. His most recent motion (docket entry 180) is DENIED as moot.

The Defendant has also filed a motion, again *pro se*, seeking the recusal of the undersigned. Title 28 U.S.C.§ 455 governs recusal of federal district judges. Section 455(a) requires that a judge "shall recuse himself in any proceeding in which his impartiality might reasonably be questioned." Section 455(b)(1) further provides that the judge "shall also disqualify himself . . . [w]here he has a personal bias or prejudice concerning a party . . . ." *See In re Chevron U.S.A., Inc.*, 121 F.3d 163, 165 n.3 (5th Cir. 1997). Recusal is also required when "the probability of actual bias on the part of the judge or decisionmaker is too high to be constitutionally tolerable." *Withrow v. Larkin*, 421 U.S. 35, 47, 95 S. Ct. 1456, 43 L. Ed. 2d 712 (1975). Recusal can be based on extrajudicial factors, such as family relationships or intrajudicial factors such as those events occurring in the court of proceedings. *Liteky v. United States*, 510 U.S. 540, 555, 114 S. Ct. 1147, 127 L. Ed. 2d 474 (1994). In either event, "bias by an adjudicator is not lightly established." *Richardson v. Quarterman*, 537 F.3d 466, 474 (5th Cir. 2008) (citations omitted).

Here, the Defendant makes claims of bias arising out of events occurring in the court and during the underlying criminal proceedings which concern primarily perceived adverse rulings.

Intrajudicial factors "do not constitute a basis for a bias . . . motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* at 555. A judge's adverse ruling, even when later reversed or vacated on appeal, does not by itself constitute grounds for recusal. *Garcia v. Woman's Hosp. of Tx.*, 143 F.3d 227, 229-30 (5th Cir. 1998); *see, also Stringer v. Astrue*, 252 Fed. Appx. 645, 2007 WL 3151804 at *2 (5th Cir. Oct. 26, 2007). Stated differently, "[a]dverse judicial rulings will support a claim of bias only if they reveal an opinion based on an extrajudicial source or if they demonstrate such a high degree of antagonism as to make fair judgment impossible." *United States v. Scroggins*, 485 F.3d 824, 830 (5th Cir. 2007).

In this case, there was and is no bias which impermissibly interfered with the Defendant's right to a fair trial. The perceived adverse rulings, if any, were based upon law and sound reason free from passion or prejudice. Accordingly, the motion for recusal (docket entry 182) is DENIED.

**SO ORDERED,** this the 13th day of January, 2010.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE