IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

UNITED STATES OF AMERICA

v.                                              Criminal Case No. 1:07-CR-00176-MPM-SAA

PETER BERNEGGER

ORDER DENYING MOTION FOR RECUSAL [404] AND MOTION
TO DISQUALIFY ASSISTANT UNITED STATES ATTORNEYS
ROBERT J. MIMS AND CLYDE MCGEE [402]

These matters come before the Court for consideration on the *Motion for Recusal* [404], the

*Motion for Disqualification of Prosecutors Robert Mims and Clyde McGee* (the "Motion to

Disqualify") [402], and the *Brief in Support of Motion for Recusal of Judge Mills and to Disqualify

AUSA Robert Mims* (the "Brief in Support")[405], all filed on October 5, 2015, by former-defendant

and movant Peter Bernegger (the "Movant"). Upon consideration of the motions and the Brief in

Support, the Court finds that the Movant is not entitled to the relief requested. In fact, the Court finds

both motions to be not only without merit, but legally indefensible. Accordingly, for the reasons set

forth below, the Motion for Recusal and Motion to Disqualify are both due to be denied.

## I.    FACTUAL BACKGROUND

Movant was charged in five counts of a six-count Superseding Indictment ("Indictment")

alleging mail fraud, wire fraud, conspiracy to commit mail and wire fraud, and bank fraud.

Movant's business partner, Stephen Finch, was also charged in the Indictment. The Indictment

described a general scheme in which Movant and Finch made fraudulent misrepresentations to

investors and potential investors to induce them to invest in various business ventures of Movant

and Finch. Specific counts charged either the Movant (Counts Two, Three, and Four) or Finch

(Count One) with specific acts of mail fraud or wire fraud within the framework of the overall

1

scheme.  Count Five charged both Movant and Finch with conspiracy to commit acts of mail and wire fraud.  Count Six charged Movant with bank fraud, alleging that he also made fraudulent misrepresentations to a local bank in order to secure a loan for the business. The defendants proceeded to trial on November 2, 2009. On November 12, 2009, Finch was acquitted of all charges while Movant was convicted on Counts Three, Four, and Six.  On May 13, 2010, Movant was sentenced to 70 months in prison and ordered to pay restitution in the approximate amount of $2.2 million.  Movant appealed his conviction to the Fifth Circuit, which issued an order dated October 20, 2011, affirming the conviction and the length of the sentence, but modifying the amount of restitution by reducing it to $1,725,000.00. On February 12, 2012, Movant filed a *Motion to Vacate, Set aside, or Correct His Sentence Under 28 U.S.C. § 2255* (the "§2255 Motion").  After an exhaustingly detailed review and analysis by this Court, the §2255 Motion was denied on March 9, 2015. [380][381].

Since that time, Movant has filed several related motions, including motions to strike court orders and/or to stay court rulings.[1]  Most recently, Movant has filed the present Motions to Recuse and to Disqualify, along with an accompanying Motion for Early Termination of Supervised Release (the "Motion for Early Termination") [401].  In the interest of practicality, the Court will address the Motions to Recuse and Disqualify together, and the Motion for Early Termination in a separate order.

## II.    CONCLUSIONS OF LAW

The Court will first consider the Motion for Recusal, as it is the threshold issue to considering the Movant's various other filings.

### A.  Recusal

The statutes for deciding whether recusal is appropriate for a federal judge are 28 U.S.C.A. §

---

[1] *See, e.g.,* docket entries 387 and 388.

2

455, and 28 U.S.C. § 144, which use the same standard, namely, "'[W]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" *United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997) (*quoting United States v. Studley*, 783 F.2d 934, 939 (9th Cir.1986)).  In addition, "[A] motion for disqualification ordinarily may not be predicated on the judge's rulings in the instant case . . . ." *Phillips v. Joint Legislative Committee on Performance & Expenditure Review*, 637 F.2d 1014, 1020 (5th Cir. 1981).  Adverse judicial rulings will only support a claim of bias if they reveal an opinion based on an extrajudicial source – or if they demonstrate such a high degree of animosity as to make fair judgment impossible. *Liteky v. United States*, 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994).

Thus, the only question regarding the propriety of recusal in this case is, "Does a reasonable extrajudicial basis exist upon which someone could question the impartiality of the judge presiding over this case?"  As with Movant's past motions demanding recusal, the Court answers this question with a resounding "no."  Movant has set forth several reasons he believes should call the impartiality of the court into question – each intertwined with the other; each lacking merit.

First, it bears noting that the primary difficulty in addressing the Motion for Recusal is deciphering what wrongs the Movant believes have been committed against him, or on what grounds he believes recusal is necessary.  As best as can be inferred from the Motion for Recusal, the Movant predicates his motion on four separate (though undeniably overlapping) claims:

1. He was denied a trial by jury as to Count 1 of the indictment (wire fraud) because that count was excluded from the Form of the Verdict submitted to the jury.

2. He was denied the right to a public trial because the court excluded Count 1 from the Form of the Verdict submitted to the jury.[2]

---

[2] To be clear, the Movant is not asserting that he was convicted of wire fraud without having been allowed to exercise his right to trial by jury.   Rather, he complains that he originally faced six separate charges under the Indictment, but that he was eventually only charged under five. Or, put otherwise, that he faced one less criminal charge.

3. The court violated Fed. R. Crim. P. 48(a) by excluding Count 1 of the indictment from the Form of the Verdict submitted to the jury.

4. The Court's perceived failure to correct the above-listed alleged wrongs (all raised in the §2255 Motion) qualifies as "fraud" on the part of the Court, necessitating recusal from on-going proceedings.

These are not novel arguments for the Movant, as the first three issues were already raised by the Movant in the §2255 Motion. As explained by this Court in the Memorandum Opinion dealing with the §2255 Motion:

> Mr. Bernegger argues vigorously that he was charged with a crime in Count 1 of the Indictment – and that the court erred – and the prosecutors and others committed malfeasance – by amending the Form of the Verdict to remove Count 1 from the jury's consideration. This had the effect of precluding the jury from finding Mr. Bernegger guilty on Count 1 – which the Fifth Circuit has ruled was proper. Indeed, defense counsel argued for – and obtained – a clarifying instruction for the jury to *ensure* that none of the jurors believed Bernegger was charged in Count 1.

[381].

These claims and arguments have surfaced again in the current pleadings, as Movant essentially claims it was fraudulent of the Court not to have corrected these supposed wrongs when they were raised in the §2255 Motion. It appears that the Movant simply does not agree with the Court's conclusions reached in its Memorandum Opinion denying the §2255 Motion, so he instead asserts that denial of the §2255 Motion was fraud.

A challenge to the impartiality of a presiding judge should be based on some rational basis.[3] As stated above, "a motion for disqualification ordinarily may not be predicated on the judge's rulings

---

[3] For whatever it may be worth, the validity of Movant's Count 1-related claims have already been disproven by this Court in denying the §2255 Motion, as well as by the Fifth Circuit in denying the Movant's appeal. As stated in the Memorandum Opinion:

> Bernegger's trial counsel stated on the record that he heartily approved of the court's decision [regarding the form of the verdict], and rightly so. Thus, Bergengger benefited from the exclusion of Count 1 from the form of the verdict – and from the court's instruction to the jury making clear that Bernegger was not charged in Count 1. The Fifth Circuit explained this succinctly in its ruling on the issue.

[381].

in the instant case . . . ." *Phillips*, 637 F.2d at 1020. It appears that Movant has based this motion *solely* on this Court's actions and rulings in the instant case; specifically, that the Court did not find for the Movant in his §2255 Motion regarding claims relating to Count 1. In fact, the near entirety of the Brief in Support is simply a rehashing of arguments and claims made in the §2255 Motion, followed by admonishment of the Court for the way in which it handled the motion. In the interest of judicial economy, this Court sees no reason to revisit issues which have already been decided by this Court and/or the Fifth Circuit, simply because the Movant does not appear to agree with or appreciate rulings entered contrary to his position. Also, as this Court has already once explained, "any of Mr. Bernegger's grounds for relief involving the proper interpretation of the Superseding Indictment – and its effect on the proceedings – are procedurally barred because the Fifth Circuit has already ruled on that issue." [381].

Movant may not agree with the Court's denial of the §2255 Motion, but adverse judicial rulings will only support a claim of bias if they reveal an opinion based on an extrajudicial source – or if they demonstrate such a high degree of animosity as to make fair judgment impossible. *Liteky*, 510 U.S. at 555. No bias can logically be inferred from the Court's denial of the §2255 Motion, as the claims in the §2255 Motion were themselves lacking in legal, or even logical, bases.

In this case, Movant has not made an allegation of any bias developed *outside* this judicial proceeding, of any deep-seated favoritism that would make fair judgment impossible, or of a requirement of the presiding judge to be witness as to any material fact in the case. *Pesnell v. Arsenault*, 543 F.3d 1038, 1043-44 (9th Cir. 2008). The Movant has, admittedly, made broad, generalized accusations that this Court's rulings in this case can be attributed to some sort of effort to protect colleagues from exposure "for the fraud and felony crimes such as obstruction of justice." [405, pg. 14]. Movant has failed, however, to substantiate such claims with any evidence (credible or

otherwise).  As such, he has not shown that the presiding judge should recuse himself.  Given the complete lack of factual and/or evidentiary support for Movant's claims, this Court can only conclude there is no extrajudicial basis upon which a reasonable person could question its impartiality.  This allegation is simply without merit.

### B.  Disqualification

This is the Movant's second attempt to disqualify Assistant U.S. Attorneys Mims and McGee. [285]. As with the first attempt, the present Motion to Disqualify is without merit and due to be denied.

First,

> [m]otions to disqualify are governed by two sources of authority. First, attorneys are bound by the local rules of the court in which they appear. Federal district courts usually adopt the Rules of Professional Conduct of the states where they are situated. Second, because motions to disqualify counsel in federal proceedings are substantive motions affecting the rights of the parties, they are decided by applying standards developed under federal law.

*Cole v. Ruidoso Mun. Sch.*, 43 F.3d 1373, 1383 (10th Cir. 1994) (citing . *In re American Airlines, Inc.,* 972 F.2d 605, 610 (5th Cir.1992), *cert. denied sub nom. Northwest Airlines, Inc. v. American Airlines,* 507 U.S. 912, 113 S.Ct. 1262, 122 L.Ed.2d 659 (1993)).  Although there are specific tests applied to certain motions to disqualify counsel in circumstances governed by statute or the Constitution, the Movant does not appear to have alleged any such circumstances here.[4]  In the absence of such a situation, a court should "consider the motion governed by the ethical rules announced by the national profession in the light of the public interest and the litigant's rights." *In re Dresser Indus., Inc.*, 972 F.2d 540, 543 (5th Cir. 1992).  *See also F.D.I.C. v.*

---

[4] "Under 11 U.S.C. §§ 327 and 328, a conflict of interest by an attorney toward the debtor and a creditor can require disgorgement of fees. *See In re Humble Place Joint Venture,* 936 F.2d 814, 815 (5th Cir.1991). There are also well-developed standards governing when an attorney may represent criminal defendants simultaneously with co-defendants, *see U.S. v. Casiano,* 929 F.2d 1046, 1051, *et seq.* (5th Cir.1991), or following the representation of a government witness. *U.S. v. Martinez,* 630 F.2d 361 (5th Cir.1980)." *Dresser,* 972 F.2d at fn. 5.

*U.S. Fire Ins. Co.*, 50 F.3d 1304, 1312 (5th Cir. 1995). The court may also take into consideration "(1) the appearance of impropriety in general, or (2) a possibility that a specific impropriety will occur, and (3) the likelihood of public suspicion from the impropriety outweighs any social interests which will be served by the lawyer's continued participation in the case." *Dresser*, 972 F.2d at 544.

Movant fails to adequately demonstrate how either Mims or McGee might have violated either the Mississippi Rules of Professional Conduct or standards developed under federal law, so that their disqualification from proceedings might be necessary. Similar to the Motion for Recusal, the Movant's alleged basis for disqualification of attorneys Mims and McGee is rooted in Movant's belief that his right to due process was violated by not being charged with Count 1 of the Indictment. According to the Movant, Mims and McGee (along with the Court) all fraudulently worked in concert to deny Movant his rights, and to then cover up their supposed wrong-doings. As with the Motion for Recusal, however, Movant's allegations are baseless and unsubstantiated. Movant fails to present any new arguments or claims, but instead simply restates the arguments made (and subsequently rejected) in his §2255 Motion, as well as arguments made (and rejected) in Movant's 2013 Motion to Disqualify. [285]. Again, the Court declines to waste judicial resources on issues and claims that have already been decided, simply because the Movant does not agree with prior court rulings. The Motion to Disqualify is due to be denied for the same reasons already set forth above regarding the Motion for Recusal.

### III.   CONCLUSION

For the reasons set forth above, the Court finds that both the Motion for Recusal and Motion to Disqualify are due to be denied. Movant has failed to adequately demonstrate grounds on which he is entitled to the relief requested. There is simply no evidence that recusal of this Court, or

disqualification of attorneys Mims and McGee, is warranted or necessary under the standards set forth by federal law. Accordingly, it is hereby,

ORDERED that the Motion for Recusal [404] and the Motion to Disqualify [402] are DENIED.

SO ORDERED this the 22nd day of October, 2015.

**/s/ MICHAEL P. MILLS**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**