# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### EASTERN DIVISION

**UNITED STATES OF AMERICA**                                                                                  **PLAINTIFF**

**v.**                                                           **No. 1:07CR176-MPM**

**PETER BERNEGGER**                                                                        **DEFENDANT**

### ORDER *DENYING* DEFENDANT'S MOTION [463]
### TO UNSEAL DOCUMENT

This matter comes before the court on the motion [463] by Peter Bernegger, through counsel, to unseal Grand Jury testimony as to Count 1 of the Superseding Indictment in this case, with the purpose of showing that Mr. Bernegger was charged in Count 1, contrary to the assertions of the government near the end of trial and afterwards. For the reasons set forth below, the motion will be denied.

**Facts and Procedural Posture**

Peter Bernegger was charged in five counts of a six-count Superseding Indictment alleging mail fraud, wire fraud, conspiracy to commit mail and wire fraud, and bank fraud. Bernegger's business partner, Stephen Finch, was also charged in the Superseding Indictment ("Indictment"). The Indictment described a general scheme in which Bernegger and Finch made fraudulent misrepresentations to investors and potential investors to induce them to invest in various business ventures of Bernegger and Finch. Specific counts charged either Bernegger (Counts Two, Three, and Four) or Finch (Count One) with specific acts of mail fraud or wire fraud within the framework of the overall scheme. Count Five charged both Bernegger and Finch with conspiracy to commit acts of mail and wire fraud. Count Six charged Bernegger with bank fraud, alleging that he also made fraudulent misrepresentations to a local bank in order to secure a loan for the business. The defendants proceeded to trial on November 2, 2009. On November 12, 2009, Finch was acquitted of all charges while

Bernegger was convicted on Counts Three, Four, and Six. On May 13, 2010, Bernegger was sentenced to 70 months in prison and ordered to pay restitution in the approximate amount of $2.2 million. Bernegger appealed his conviction to the Fifth Circuit, which issued an order dated October 20, 2011, affirming the conviction and the length of the sentence, but modifying the amount of restitution by reducing it to $1,725,000.00. On February 12, 2012, Bernegger filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, and added or amended claims numerous times. The United States Supreme Court denied Mr. Bernegger's petition for writ of certiorari as to his first direct appeal on January 16, 2013. The Supreme Court denied another petition for writ of certiorari on January 6, 2014. This court denied Mr. Bernegger's Motion to Vacate, Set Aside, or Correct Sentence on March 9, 2015. The Fifth Circuit Court of Appeals denied Mr. Bernegger's Certificate of Appealability on February 24, 2016.

### This Issue Has Been Adjudicated on the Merits Multiple Times, and Mr. Bernegger Has Faced Sanctions for Continuing to Pursue It

In a related case, *In re Peter Bernegger*, 3:16CV60-SA, Mr. Bernegger previously requested [1] to unseal Grand Jury testimony from his criminal case – the same request as in the present motion. The court will reproduce its entire ruling on this matter in the interest of efficiency – and to ensure that Mr. Bernegger's counsel is aware that this court and the Fifth Circuit Court of Appeals have ruled upon the issue of Count 1 of the indictment many times:

> This matter comes before the court on the petition of Peter Bernegger for the court "to permit a licensed attorney of his to inspect the grand jury information at the Oxford, MS courthouse for determining one question: was he charged with Count 1 or not by the grand jury." The court has previously imposed a sanction on Mr. Bernegger in *In re Bernegger*, 3:15CV182-MPM-SAA (N.D. Miss.) Because Mr. Bernegger had repeatedly filed frivolous, malicious, and duplicative pleadings and motions, the court ordered him to submit any future filings to the Chief Judge of the court for screening, and, if the court finds the filing to be frivolous, malicious, or disrespectful, then the filing is to be summarily dismissed.

The court has reviewed the proposed pleading in the instant case, and it is frivolous. The issue regarding whether Mr. Bernegger was charged in Count 1 of the Superseding Indictment in his criminal case has been adjudicated multiple times, as the court has previously held:

> In sum, though there was some confusion early in the criminal proceedings, Mr. Bernegger was not charged with a crime in Count One of the superseding indictment. The court discussed the issue with all counsel involved multiple times on the record to arrive at that conclusion. The Fifth Circuit Court of Appeals agreed, thus precluding this court from considering the issue again. Further, as the record shows that this court was fully aware of all facts relevant to the issue, no one perpetrated a "fraud upon the court," and *any suit Mr. Bernegger might wish to pursue on that basis would be frivolous*.

*In re Bernegger*, 3:15CV182-MPM-SAA (N.D. Miss.) (emphasis added) (December 8, 2015, Memorandum Opinion dismissing case as frivolous). The court also addressed the issue in denying Mr. Bernegger's Motion to Vacate, Set Aside, Or Correct sentence in the criminal case giving rise to all these proceedings:

> Put simply, the court has no idea why Mr. Bernegger wishes that the jury could have considered his guilt or innocence as to an additional crime. The end result of the court's decision is that Bernegger faced one less criminal charge. Bernegger's trial counsel stated on the record that he heartily approved of the court's decision, and rightly so. Thus, Bernegger benefited from the exclusion of Count 1 from the form of the verdict – and from the court's instruction to the jury making clear that Bernegger was not charged in Count 1. The Fifth Circuit explained this succinctly in its ruling on the issue. Indeed permitting Count 1 to go to the jury as to Mr. Bernegger would likely have constituted reversible error. In any event . . . any of Mr. Bernegger's grounds for relief involving the proper interpretation of the Superseding Indictment – and its effect on the proceedings – are procedurally barred because the Fifth Circuit has already ruled on that issue.

*United States v. Bernegger*, 1:07CR176-MPM-SAA (March 9, 2015, Memorandum Opinion Denying Relief Under 28 U.S.C. § 2255). This is exactly the type of pleading the court told Mr. Bernegger not to present; as such, under the sanctions order, *supra*, the instant case is DISMISSED as frivolous.

*In Re: Peter Bernegger, Petitioner*, 3:16CV60-SA. Mr. Bernegger filed a motion to reconsider the dismissal as frivolous, and the court denied that motion on May 18, 2016. Again, the court will include the ruling in its entirety:

> This matter comes before the court on the plaintiff's motion for reconsideration of the court's March 25, 2016, order dismissing the instant case as frivolous. Indeed, in a sanctions order entered in *In re Bernegger*, 3:15CV182-MPM-SAA, the court admonished Mr. Bernegger not to submit any more papers with the court challenging whether he was charged with a crime in Count I of the Superseding Indictment in his criminal case. That issue has been decided by both this court and the Fifth Circuit Court of Appeals. However, despite the sanctions order in the previous case and the dismissal of the instant case, Mr. Bernegger sought to challenge that very thing. Undeterred, Mr. Bernegger has moved to resurrect this case under Fed. R. Civ. P. 59(e).
>
> An order granting relief under Rule 59(e) is appropriate when: (1) there has been an intervening change in the controlling law, (2) where the movant presents newly discovered evidence that was previously unavailable, or (3) to correct a manifest error of law or fact. *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). The plaintiff has neither asserted nor proven any of the justifications to amend a judgment under Fed. R. Civ. P. 59(e). As such, the plaintiff's request to alter or amend judgment is DENIED.
>
> In addition, if the plaintiff files any document in this case not directly related to seeking a direct appeal of the court's ruling, the Clerk of the Court is DIRECTED to place the document in the correspondence part of the case file, where it will neither be acknowledged nor addressed.

*In Re: Peter Bernegger, Petitioner*, 3:16CV60-SA. Mr. Bernegger's appeal of that case was dismissed for want of jurisdiction because it was untimely filed. *Id*.

This court and the Fifth Circuit have repeatedly denied this claim on the merits as frivolous, reaching the point of imposing a sanction to prevent Mr. Bernegger from resurrecting it. The court has even rejected – as frivolous – Mr. Bernegger's previous request to review the Grand Jury Transcripts – a request he repeats in the instant motion. Yet, Mr. Bernegger, undeterred, has asked the court to unearth this claim, dust it off, and review it once more on the merits. The court declines the invitation.

## Mr. Bernegger's Last Two Paths

The court seriously doubts that Mr. Bernegger's counsel was aware of the number of times this precise claim has been argued and rejected on the merits before filing the instant motion. Implicit in Mr. Bernegger's present request to review the Grand Jury transcripts is his desire to challenge, once

again, whether Count 1 of the Superseding Indictment charged him with a crime. In the absence of the intent to later challenge his conviction, the court can discern no value of unsealing and viewing the Grand Jury transcripts. If Mr. Bernegger wishes, at this late date, to pursue his claim regarding Count 1 of the indictment in this case, only two paths remain: a second Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 – and a petition for writ of *coram nobis*.

## Second or Successive § 2255 Motion

As Mr. Bernegger has taken one bite of the § 2255 apple, this court lacks subject matter jurisdiction to entertain that claim a second time. To overcome the prohibition against the filing of a second or successive petition under § 2255(h), the petitioner must show that his motion contains:

1. newly discovered evidence that, if proven and viewed in the light of evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense, or

2. a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

*See* 28 U.S.C. §§ 2244(b)(1) - (2) and 2255(h). That decision must be made by the court of appeals. *See* §§ 2244(b)(3) and 2255. Thus, *Mr. Bernegger must seek permission from the Fifth Circuit* to file a second or successive motion under 28 U.S.C. § 2255 before this court may consider such a motion.

### *Coram Nobis Relief*

If Mr. Bernegger no longer satisfies the "in custody" requirement to seek federal *habeas corpus* relief, then § 2255 relief is no longer available, and his sole remaining remedy is to file a petition for a writ of *coram nobis*.

## Conclusion

In sum, the instant motion [463] to unseal Grand Jury transcripts is **DISMISSED** as frivolous. Any similar paper filed in this court, whether in this case or another, will likewise be summarily

dismissed.

**SO ORDERED**, this, the 5th day of July, 2017.

                **/s/ MICHAEL P. MILLS**
                **UNITED STATES DISTRICT JUDGE**
                **NORTHERN DISTRICT OF MISSISSIPPI**